**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobbie E. Arries, et al., <br><br> Plaintiffs/Counterdefendants, <br><br> vs. <br><br> University OB/GYN, LLC, et al., <br><br> Defendants/Counterclaimants. | No. CV 10-08219-PCT-NVW <br><br> **ORDER** |

      Before the Court is Plaintiffs/Counterdefendants' Motion to Stay Discovery Pending the Outcome of a Parallel Criminal Proceeding. (Doc. 58.) Plaintiffs were subsequently ordered to file a supplement to their motion that addressed in detail why the pendency of the criminal case warrants staying proceedings on Plaintiffs' complaint in addition to proceedings on Defendants' counterclaim. In addition to the motion, the Court has considered Plaintiffs' supplement, Defendants' response, Plaintiffs' reply, and oral argument heard on March 16, 2012. (Docs. 64, 65, 67.)

**I.    Background**

      On November 12, 2010, Plaintiff Bobbie Arries initiated this lawsuit. Defendants filed a counterclaim with their answer. On July 25, 2011, Mrs. Arries and her husband Paul Arries filed a First Amended Complaint. They allege that on July 2, 2008, a confrontation occurred between Mrs. Arries and Defendant William Tindall, which

formed the substance of a complaint Mrs. Arries filed on July 3, 2008. They further allege that in November 2008 her job was eliminated in retaliation. The First Amended Complaint alleges violation of COBRA laws, intentional interference with a contractual relationship, and intentional infliction of emotional distress. In addition to damages, Plaintiffs seek declaration of whether Mrs. Arries has an enforceable right to arbitration.

Defendants' First Amended Counterclaim alleges conversion and breach of fiduciary duty. It alleges Mrs. Arries wrongfully took company assets of University OB/GYN LLC in excess of $10,000.00, among other things. At oral argument counsel for University OB/GYN LLC stated that the loss claimed exceeds $80,000.

On October 18, 2011, the Navajo County Attorney's Office obtained a 27-count indictment against Mrs. Arries. The charges arise out of the same set of circumstances from which Defendants' counterclaim arises.

On November 9, 2011, Plaintiffs moved to stay discovery pending the outcome of the criminal proceeding, *State of Arizona v. Bobbie Arries*, Case No. CR-2011-00821. Plaintiffs contend that a stay is necessary to protect Mrs. Arries' Fifth Amendment privilege against self-incrimination and because she cannot adequately testify in the civil proceeding without revealing her defense strategy. In supplemental briefing, Plaintiffs state that not only will discovery related to the counterclaim involve evidence related to the criminal charges, but also discovery related to the complaint will involve evidence related to the criminal charges because Defendants have alleged affirmative defenses "closely tied" to the allegations of their counterclaim. Defendants' affirmative defenses include fraud, misrepresentation, unclean hands, and comparative fault or negligence. Plaintiffs further state that there "is virtually no doubt that Plaintiff will be deposed and that she will be asked to give testimony about the facts surrounding Defendants' affirmative defenses and counterclaims." The motion to stay focuses solely on staying the deposition of Mrs. Arries and does not address staying any other discovery.

Defendants agree that the "facts underlying the counterclaims form the basis of the recent criminal indictment of Ms. Arries." They further state that they "have requested

the deposition of Mrs. Arries and intend to prosecute their counterclaim regardless of the pendency and outcome of the recent indictment."

## II.     Legal Standard

The Constitution does not ordinarily require a district court to stay civil proceedings pending the outcome of parallel criminal proceedings. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326.

In deciding whether to stay civil proceedings pending parallel criminal proceedings, a district court must consider the particular circumstances and competing interests involved in the case. *Id.* at 324; *Molinaro*, 889 F.2d at 902. The factors to be considered will vary, but generally will include (1) the extent to which the requesting party's Fifth Amendment rights are implicated, (2) the opposing parties' interests in proceeding expeditiously with this litigation or any aspect of it, (3) the burden that any particular aspect of the proceedings may impose on the requesting party, (4) the convenience of the district court in managing its cases, (5) the interests of non-parties, and (6) the public interest. *Molinaro*, 889 F.2d at 902-03; *Keating*, 45 F.3d at 324-25.

## III.    Analysis

The two *Keating/Molinaro* factors most relevant here are the extent to which Mrs. Arries' Fifth Amendment rights are implicated and the prejudice a stay would impose on Defendants. It is undisputed Mrs. Arries' Fifth Amendment rights will be implicated in this civil proceeding if she is questioned in deposition or at trial regarding the facts relevant to Defendants' affirmative defenses and counterclaim. It is also undisputed that the facts relevant to Defendants' affirmative defenses overlap facts relevant to their counterclaim, and therefore one part of the lawsuit cannot be stayed without staying the other.

1        Staying this lawsuit pending resolution of the criminal case against Mrs. Arries
2 would seriously prejudice Defendants' ability to collect any civil judgment they may
3 obtain and would increase the risk of witnesses or evidence becoming unavailable.  The
4 events that spawned this litigation occurred in 2008, more than three years ago.  Mrs.
5 Arries filed her initial complaint nearly sixteen months ago, and the parties exchanged
6 their initial disclosures more than nine months ago.  At oral argument, Mrs. Arries'
7 counsel reported that the criminal case has been designated complex, has experienced
8 some delay already, and may possibly be tried within six months.  But if Mrs. Arries is
9 convicted of criminal charges and exercises her right to appeal the conviction, her Fifth
10 Amendment rights could be implicated for much longer.  The longer this case is stayed,
11 the more likely that any resources Mrs. Arries has will no longer be available to satisfy
12 any judgment Defendants may obtain in this lawsuit.
13       At the time Mrs. Arries initiated this lawsuit, she had not been indicted, but knew
14 that it was possible that she would be indicted because she had been arrested on charges
15 related to Defendants' affirmative defenses and counterclaim.  She made the choice to file
16 her Complaint against Defendants even though it was possible that her Fifth Amendment
17 rights would be implicated in these civil proceedings.  And she will be able to exercise
18 her Fifth Amendment rights in this case as it proceeds.
19       Upon weighing the prejudice that a stay would impose on Defendants against the
20 burden to be imposed on Mrs. Arries by proceeding with this case, the Court concludes
21 that this case should not be stayed pending the outcome of the criminal proceeding, *State*
22 *of Arizona v. Bobbie Arries*, Case No. CR-2011-00821.
23       IT IS THEREFORE ORDERED that Plaintiffs/Counterdefendants' Motion to Stay
24 Discovery Pending the Outcome of a Parallel Criminal Proceeding (Doc. 58) is denied.
25       DATED this 16th day of March, 2012.

_____
Neil V. Wake
United States District Judge

- 4 -