**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Bobbie E. Arries, et al.,<br><br>        Plaintiffs/Counterdefendants,<br><br>vs.<br><br>University OB/GYN LLC, et al.,<br><br>        Defendants/Counterclaimants. | No. CV 10-08219-PCT-NVW<br><br>**ORDER** |

    Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion to Stay Discovery Pending the Outcome of a Parallel Criminal Proceeding (Doc. 79).

    "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). A court should reconsider its ruling if it is presented with newly discovered evidence, if a party shows that the court has committed clear error, or if there is an intervening change in controlling law. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

    This Court has not held that a plaintiff waives her right against self incrimination. Rather, in applying the factors concerning the requested stay, the legitimate interests of Defendant/Counterclaimant University OB/GYN LLC strongly favor proceeding with its

defense and counterclaim. University OB/GYN LLC alleges that Plaintiff stole more than $80,000 while employed. University OB/GYN LLC is in the distressful condition of thinking it has a claim and knowing that lack of diligence will likely deprive it of recovery on its claim even if it is meritorious. Plaintiff now says, "These statements, however, are entirely speculative in nature . . . ." They are not at all speculative. At oral argument counsel acknowledged that Plaintiff is unemployed. Her husband is employed. She is expending resources in prosecuting two civil actions in this Court. She is being criminally prosecuted. She is being defended by another lawyer in the same law firm that represents her in this case. Thus, she is expending further resources on her own criminal defense. She must be expending resources for the necessities of life as well. It is not "speculative" but virtually certain that Plaintiff is expending the fruits of the alleged theft and other resources while she asks to delay University OB/GYN LLC. Plaintiff does not need to hide assets to prejudice University OB/GYN LLC. She only needs to continue consuming them in the open. She has not proposed any alternative that would protect University OB/GYN LLC during a lengthy stay.

The Fifth Amendment entitles Plaintiff to not help the state in its criminal prosecution against her. It does not entitle her to shield herself from a diligent creditor whose money she will dissipate during the delay. Plaintiff disregards the obvious facts in her Motion for Reconsideration.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion to Stay Discovery Pending the Outcome of a Parallel Criminal Proceeding (Doc. 79) is denied.

DATED this 6th day of April, 2012.

_____
Neil V. Wake
United States District Judge